## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

———————————————————————  )
                                                          )
POLICE PENSION FUND OF PEORIA,        )  No. 10-cv-04474-JRT-MJX
Individually and on Behalf of All Others        )
Similarly Situated,                                       )
                                                          )
                                    Plaintiff,            )
                                                          )
                  vs.                                     )
                                                          )
CAPELLA EDUCATION COMPANY,            )
J. KEVIN GILLIGAN, and LOIS M. MARTIN, )
                                                          )
                                    Defendants.       )
———————————————————————  )

## MEMORANDUM OF LAW IN SUPPORT OF OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF ITS SELECTION OF COUNSEL

ABRAHAM, FRUCHTER &            ABRAHAM, FRUCHTER &
    TWERSKY, LLP                         TWERSKY, LLP
Mitchell M.Z. Twersky                Ian D. Berg
Ximena R. Skovron                     12526 High Bluff Drive, Suite 300
One Penn Plaza, Suite 2805         San Diego, CA 92130
New York, NY 10119                  Tel:    (858) 792-3448
Tel:    (212) 279-5050                 Fax:   (858) 792-3449
Fax:   (212) 279-3655

*LIAISON COUNSEL:*

HEAD, SEIFERT & VANDER WEIDE, P.A.
Vernon J. Vander Weide (No. 112173)
Thomas V. Seifert (No. 98863)
333 South Seventh Street, Suite 1140
Minneapolis, MN 55402-2422
Tel:    (612) 339-1601
Fax:   (612) 339-3372

                                                  January 4, 2011

*Counsel for Oklahoma Firefighters Pension and Retirement System*
*and Proposed Lead and Liaison Counsel for the Class*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................... ii

I.  PRELIMINARY STATEMENT ........................................................................... 1

II.  STATEMENT OF FACTS ................................................................................... 3

III.  ARGUMENT ...................................................................................................... 5

    A.  Oklahoma Firefighters Should Be Appointed
        Lead Plaintiff ............................................................................................ 5

        1.  Oklahoma Firefighters Has The Largest
            Financial Interest In The Relief Sought ............................................. 5

        2.  Oklahoma Firefighters Otherwise
            Satisfies The Requirements Of Rule  23 ............................................ 6

        3.  The Court Should Approve Oklahoma
            Firefighters' Selection Of Lead Counsel ........................................... 9

IV.  CONCLUSION .................................................................................................. 10

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Averdick v. Hutchinson Tech., Inc.*,
 2006 U.S. Dist. LEXIS 47445 (D. Minn. Feb. 9, 2006) .......................................... 8

*In re GenesisIntermedia Secs. Litig.*,
 232 F.R.D. 321 (D. Minn. 2005) ............................................................................ 7

*Kops v. NVE Corp.*,
 2006 U.S. Dist. LEXIS 49713 (D. Minn. July 17, 2006) ........................... 5, 6, 7, 9

*Mas v. KV Pharm. Co.*,
 2009 U.S. Dist. LEXIS 32000 (D. Mo. Apr. 15, 2009) .......................................... 6

*Meeuwenberg v. Best Buy Co.*,
 2004 U.S. Dist. LEXIS 7686 (D. Minn. Apr. 29, 2004) ......................................... 8

*Minneapolis Firefighters' Relief Assoc. v. Medtronic, Inc.*,
 Case No. 08-cv-06324-PAM-AJB (D. Minn.) ........................................................ 8

*Paxton v. Union Nat'l Bank*,
 688 F.2d 552 (8th Cir. 1982) .................................................................................. 6

STATUTES, RULES & REGULATIONS

15 U.S.C. § 78(J)(B) .................................................................................................. 1

15 U.S.C. § 78(t) ........................................................................................................ 1

15 U.S.C. § 78u-4(a), et. seq. ............................................................................. *passim*

17 C.F.R. § 240.10b-5 ................................................................................................ 1

Fed. R. Civ. P. 23 ............................................................................................... *passim*

H.R. Conf. Rep. No. 104-369, 104th Cong. 1st Sess. (1995), reprinted in 1995
 U.S.C.C.A.N. 679, 690 ....................................................................................... 7-8

Oklahoma Firefighters Pension and Retirement System ("Oklahoma Firefighters") respectfully submits this memorandum in support of its motion: (1) to be appointed as Lead Plaintiff, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (2) for approval of its selection of the law firm of Abraham, Fruchter & Twersky LLP ("Abraham, Fruchter & Twersky") as Lead Counsel for the class, and the law firm of Head, Seifert & Vander Weide as Liaison Counsel for the class.

## I.   PRELIMINARY STATEMENT

Currently pending in this District is the above-captioned securities class action (the "Action"), brought on behalf of all persons who purchased or otherwise acquired the common stock of Capella Education Company ("Capella" or the "Company") between February 16, 2010 and August 13, 2010, inclusive (the "Class Period").  The Action alleges violations of Sections 10(b) and 20(a) of the Exchange Act as amended by the PSLRA (15 U.S.C. §§ 78(J)(B) and 78(t)), and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5), against Capella and certain of its officers and/or directors.  The Action was filed on November 5, 2010, by shareholder Police Pension Fund of Peoria ("Peoria").  On November 5,

2010, Peoria published notice of the pendency of its action to investors, which provided a deadline to seek Lead Plaintiff status by January 4, 2011.[1]

Pursuant to the PSLRA, this Court must appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court is required to determine which movant has the "largest financial interest" in the relief sought by the class in this litigation and also makes a *prima facie* showing that it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). For the reasons set forth below, Oklahoma Firefighters believes that it is the "most adequate plaintiff" by virtue of its significant financial interest in Capella securities.[2] Oklahoma Firefighters further satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure as its claims are typical of the other members of the proposed class, and it will fairly and adequately represent the class.

In this regard, Oklahoma Firefighters is a sophisticated institutional investor and is therefore the paradigmatic Lead Plaintiff under the PSLRA. Moreover, Oklahoma Firefighters has selected and retained Abraham, Fruchter & Twersky, a law firm with substantial experience in prosecuting securities class

---

[1]  A copy of Peoria's notice is attached as Exhibit A to the Declaration of Vernon J. Vander Weide in Support of the Motion of Oklahoma Firefighters Pension and Retirement System for Appointment as Lead Plaintiff and Approval of Its Selection of Counsel (herein, the "Vander Weide Decl.").

[2]  A copy of the Certification of Oklahoma Firefighters is attached to the Vander Weide Decl. at Exh. B.

actions, to serve as Lead Counsel for the class, and Head, Seifert & Vander Weide, a law firm located in Minneapolis, Minnesota, which also has substantial experience in prosecuting securities class actions, as Liaison Counsel for the class.

Accordingly, Oklahoma Firefighters respectfully requests that the Court appoint it as Lead Plaintiff and otherwise grant its motion.

II.    STATEMENT OF FACTS

Capella, based in Minneapolis, Minnesota, is an online postsecondary education services company that was founded in 1991.  Through its wholly-owned subsidiary, Capella University, the Company offers a variety of doctoral, master's and bachelor's programs, providing more than 1,050 online courses and 36 academic programs with 124 specializations to approximately 38,000 students.

As alleged, during the Class Period, the Company reported substantial increases in revenue, new enrollment, and net income for the fourth quarter of 2009 and the first and second quarters of 2010.  In response to the Company's reports and projections, the price of Capella stock rose 9% to $76.96 per share. During this time, defendants reaped proceeds of over $4 million from insider trading of Capella stock at artificially high prices.

As alleged, the Company failed to disclose during the Class Period that (1) it had engaged in improper and deceptive recruiting and financial aid lending practices and, due to the government's scrutiny into the for-profit sector, the Company would be unable to continue such practices in the future; (2) the Company failed to maintain proper internal controls; (3) many of the Company's

programs were in jeopardy of losing their eligibility for federal financial aid; and (4) as a result of the foregoing, defendants' statements regarding the Company's financial performance and expected earnings were false and misleading and lacked a reasonable basis when made.

On August 3, 2010, the truth regarding the source of the Company's revenues, new enrollment and income began to be revealed.  On that date, the findings of an undercover operation conducted by the U.S. Government Accountability Office ("GAO") on recruiting techniques used in the for-profit higher education industry were revealed to the public.  The following day, August 4, 2010, the GAO issued its report detailing its findings, citing many instances of abuse in the sector, and finding that many of the companies in the industry, such as Capella, employed fraudulent and deceptive practices in their student recruitment, targeting students who used federal financial aid to pay for their schooling.

On August 6, 2010, the Company announced that it had received a request from the U.S. Senate Committee on Health, Education, Labor and Pensions for detailed information relating to, among other things, the Company's use of Title IV student financial aid and its recruitment and enrollment practices.  In response to this announcement, the price of Capella stock dropped 6.65%, or $5.70 per share, to close at $80.03, on August 6, 2010.

III.   ARGUMENT

The PSLRA permits any member of the class to move for appointment as Lead Plaintiff within 60 days of the publication of notice that the first action asserting substantially the same claims has been filed.  *See* 15 U.S.C. § 78u-4(a)(3)(A).  Oklahoma Firefighters satisfies this deadline by making this motion.

A.   Oklahoma Firefighters Should Be
Appointed Lead Plaintiff

Oklahoma Firefighters respectfully submits that it should be appointed Lead Plaintiff because it is the movant "most capable of adequately representing the interests of class members."   15 U.S.C. § 78u-4(a)(3)(B).   The PSLRA establishes a presumption that the "most adequate plaintiff" is the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *Id.*; *see also Kops v. NVE Corp.*, No. 06-574, 2006 U.S. Dist. LEXIS 49713, at *8 (D. Minn. July 17, 2006).

1.   Oklahoma Firefighters Has The Largest
Financial Interest In The Relief Sought

Oklahoma Firefighters should be appointed Lead Plaintiff because it has the largest financial interest in the relief sought.  15 U.S.C. § 78u-4(a)(3)(B)(iii); *Kops*, 2006 U.S. Dist. LEXIS 49713, at *8.  *See* Vander Weide Decl. at Exh. B and Exh. C.  To the best of Oklahoma Firefighters' knowledge, there are no other applicants who have sought or are seeking appointment as lead plaintiff that have a larger financial interest arising from the purchase of Capella securities.

Accordingly, Oklahoma Firefighters believes that it has the largest financial interest of any qualified movant seeking appointment as Lead Plaintiff.

>2.      Oklahoma Firefighters Otherwise
>        <u>Satisfies The Requirements Of Rule 23</u>

In addition to possessing the largest financial interest in the relief sought in the litigation, Oklahoma Firefighters also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  On a motion to serve as Lead Plaintiff, the movant must only make a preliminary showing that it satisfies the typicality and adequacy requirements of Federal Rule of Civil Procedure 23.  *See Kops*, 2006 U.S. Dist. LEXIS 49713, at *16; *Mas v. KV Pharm. Co.*, No. 4:08-CV-1859 (CEJ), 2009 U.S. Dist. LEXIS 32000, at *5 (D. Mo. Apr. 15, 2009).  Here, Oklahoma Firefighters unquestionably satisfies both requirements.

Oklahoma Firefighters' claims are typical of the claims of other purchasers of Capella securities.  Typicality exists where the "claims arise from the same series of events or are based on the same legal theories as the claims of all the class members." *Kops*, 2006 U.S. Dist. LEXIS 49713, at *17 (citing *Paxton v. Union Nat'l Bank,* 688 F.2d 552, 561-562 (8th Cir. 1982)).  Oklahoma Firefighters' claims in this action arise from the very same series of events, and are based on the same legal theories, as are the claims of the other members of the class: (1) the purchase of Capella securities during the Class Period; (2) at prices allegedly artificially inflated by defendants' materially false and misleading statements and/or omissions; and (3) being damaged thereby.  *Id.*

Oklahoma Firefighters likewise satisfies the adequacy requirement of Rule 23. Under Rule 23(a)(4), the representative parties must fairly and adequately protect the interests of the class. This requirement is met if "(1) the representatives and their attorneys are able and willing to prosecute the action competently and vigorously and (2) each representative's interests are sufficiently similar to those of the class that it is unlikely that their goals and viewpoints will diverge." *Kops*, 2006 U.S. Dist. LEXIS 49713, at *18 (quoting *In re GenesisIntermedia Secs. Litig.,* 232 F.R.D. 321, 330 (D. Minn. 2005)). Oklahoma Firefighters easily satisfies the elements of the adequacy requirement. Oklahoma Firefighters' interests are perfectly aligned with those of the other members of the class and are not antagonistic in any way. There are, furthermore, no facts suggesting that any actual or potential conflict of interest or other antagonism exists between Oklahoma Firefighters and other class members. Oklahoma Firefighters herein submits a Certification, affirming its understanding of the duties owed to class members through its commitment to oversee the prosecution of this class action. *See* Vander Weide Decl. at Exh. B. Through its Certification, Oklahoma Firefighters accepts the fiduciary obligations it will assume if appointed Lead Plaintiff in this action. *Id.*

Further, Oklahoma Firefighters is a classic example of the sort of Lead Plaintiff envisioned by Congress in its enactment of the PSLRA – a sophisticated institutional investor with a real financial interest in the litigation. *See* H.R. Conf. Rep. No. 104-369, at 34, 104th Cong. 1st Sess. (1995), reprinted in 1995

U.S.C.C.A.N. 679, 690 (explaining that "increasing the role of institutional investors in class actions will ultimately benefit the class and assist the courts by improving the quality of representation in securities class actions"); *Averdick v. Hutchinson Tech., Inc.*, No. 05-2095 (MJD/SRN), 2006 U.S. Dist. LEXIS 47445, at *22 (D. Minn. Feb. 9, 2006) (noting Congress's intent to encourage institutional investors to act as lead plaintiffs) (citing *Meeuwenberg v. Best Buy Co.*, No. 03-6193 ADM/AJB, 2004 U.S. Dist. LEXIS 7686 (D. Minn. Apr. 29, 2004)).  Indeed, this Court recognized Oklahoma Firefighters' adequacy when Judge Magnuson appointed Oklahoma Firefighters as co-lead plaintiff in *Minneapolis Firefighters' Relief Assoc. v. Medtronic, Inc.*, Case No. 08-cv-06324-PAM-AJB (D. Minn.) (Dkt. No. 57).

Finally, Oklahoma Firefighters' attorneys are able and willing to prosecute the action competently and vigorously.  As discussed more fully below, Abraham, Fruchter & Twersky is experienced in the area of securities class action litigation and has repeatedly demonstrated an ability to conduct complex securities class action litigation effectively, and the law firm of Head, Seifert & Vander Weide is highly qualified to act as liaison counsel for the class.

3.      The Court Should Approve Oklahoma
        Firefighters' Selection Of Lead Counsel

The Court should approve Oklahoma Firefighters' choice of the law firm of

Abraham, Fruchter & Twersky to serve as Lead Counsel.  Pursuant to 15 U.S.C. §

78u-4(a)(3)(B)(v), a movant shall, subject to Court approval, select and retain

counsel to represent the class they seek to represent.  Oklahoma Firefighters has

selected and retained the law firm of Abraham, Fruchter & Twersky.

Abraham, Fruchter & Twersky is among the preeminent securities class

action law firms, with the skill and knowledge that will enable it to prosecute this

action effectively and expeditiously.  *See* Vander Weide Decl. at Exh. D

(Abraham, Fruchter & Twersky Firm Resume).  Abraham, Fruchter & Twersky

has successfully prosecuted numerous securities fraud class actions and obtained

excellent results on behalf of defrauded investors around the country. *Id.* Head,

Seifert & Vander Weide is an experienced local law firm that has also successfully

prosecuted numerous securities fraud class and derivative actions on behalf of

shareholders that is well-qualified to assist in prosecuting this action.  *See* Vander

Weide Decl. at Exh. E (Head, Seifert & Vander Weide Biography).

Accordingly, the Court should approve Oklahoma Firefighters' selection of

Abraham, Fruchter & Twersky as Lead Counsel for the class and Head, Seifert &

Vander Weide as liaison counsel for the class.  *See Kops*, 2006 U.S. Dist. LEXIS

49713, at *18 (approving lead plaintiff's choice of lead and liaison counsel).

IV.   <u>CONCLUSION</u>

As explained above, Oklahoma Firefighters is the "most adequate plaintiff." Oklahoma Firefighters has the "largest financial interest" arising out of the purchase of Capella securities. Oklahoma Firefighters further satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure as adequate class representatives with claims typical of the other purchasers of Capella securities. Accordingly, Oklahoma Firefighters respectfully requests that the Court: (1) appoint Oklahoma Firefighters as Lead Plaintiff; and (2) approve the selection of Abraham, Fruchter & Twersky to serve as Lead Counsel and Head, Seifert & Vander Weide to serve as Liaison Counsel for the class.

Dated: January 4, 2011                    Respectfully submitted,

**HEAD, SEIFERT &**
**  VANDER WEIDE, P. A.**

_____*/s/ Vernon J. Vander Weide*_____
Vernon J. Vander Weide (No. 112173)
Thomas V. Seifert (No. 98863)
333 South Seventh Street, Suite 1140
Minneapolis, MN 55402-2422
Tel:   (612) 339-1601
Fax:   (612) 339-3372
*VVanderWeide@hsvwlaw.com*

*Liaison counsel for Oklahoma*
*Firefighters Pension and Retirement*
*System and proposed Liaison Counsel*
*for the Class*

**ABRAHAM, FRUCHTER &**
**  TWERSKY, LLP**
Ximena R. Skovron
Mitchell M.Z. Twersky

One Penn Plaza, Suite 2805
New York, NY 10119
Tel:    (212) 279-5050
Fax:    (212) 279-3655
*mtwersky@aftlaw.com*

**ABRAHAM, FRUCHTER &
    TWERSKY, LLP**
Ian D. Berg
12526 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:    (858) 792-3448
Fax:    (858) 792-3449
*iberg@aftlaw.com*

*Counsel for Oklahoma Firefighters
Pension and Retirement System and
Proposed Lead Counsel for the Class*

11