# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| POLICE PENSION FUND OF PEORIA, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　　Plaintiff,<br><br>　vs.<br><br>CAPELLA EDUCATION COMPANY, et al.,<br><br>　　　　　　　　Defendants. | Civ. No. 0:10-cv-04474-JRT MJ X<br><br>CLASS ACTION<br><br>MEMORANDUM OF LAW IN SUPPORT OF MOTION TO APPOINT ALASKA ELECTRICAL PENSION FUND AS LEAD PLAINTIFF AND TO APPROVE SELECTION OF COUNSEL |

Alaska Electrical Pension Fund ("Alaska"), submits this Memorandum in support of its motion for: (1) appointment of Alaska as lead plaintiff; and (2) approval of lead plaintiff's selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as lead counsel and Reinhardt, Wendorf & Blanchfield ("Reinhardt Wendorf") as liaison counsel.[1]

## I.   INTRODUCTION

This action was brought on behalf of those who acquired the common stock of Capella Education Company ("Capella" or the "Company") between February 16, 2010 and August 13, 2010, inclusive (the "Class Period"). This action was brought pursuant to §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§78j(b) and 78t(a), and Securities and Exchange Commission ("SEC") Rule 10b-5, 17 C.F.R. §240.10b-5.

Alaska should be appointed as lead plaintiff because it: (1) timely filed for appointment as lead plaintiff; (2) has the largest financial interest in this litigation of any proposed lead plaintiff of which it is aware; and (3) will fairly and adequately represent the interests of the class. S*ee* 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, Alaska's selection of Robbins Geller to serve as lead counsel should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). Robbins Geller possesses experience in the prosecution of securities class actions and will adequately represent the interests of all class members as lead counsel.

---

[1]   Police Pension Fund of Peoria filed the initial complaint in this action on November 5, 2010 and joins in this Motion.

591794_1

**II.    SUMMARY OF PENDING ACTIONS**

Capella is a national leader in online education and its wholly-owned subsidiary Capella University is a regionally accredited online university. Capella offers graduate degree programs in business, information technology, education, human services, psychology, public health, and public safety, and bachelor's degree programs in business, information technology, and public safety. These programs are designed to meet the needs of working adults.

Throughout the Class Period, defendants issued materially false and misleading statements regarding the Company's business and financial results. Specifically, defendants failed to disclose that: (i) the Company had engaged in improper and deceptive recruiting and financial aid lending practices and, due to the government's scrutiny into the for-profit education sector, the Company would be unable to continue these practices in the future; (ii) the Company failed to maintain proper internal controls; (iii) many of the Company's programs were in jeopardy of losing their eligibility for federal financial aid; and (iv) as a result of the foregoing, defendants' statements regarding the Company's financial performance and expected earnings were false and misleading and lacked a reasonable basis when made.

On August 13, 2010, after the market closed, the U.S. Department of Education released data on federal student-loan repayment rates at the nation's colleges and universities. The data showed that repayment rates were 54% at public colleges and 56% at private non-profit institutions, compared to just 36% at for-profit colleges. Specifically, the data showed that the repayment rate at Capella was just 40%. On this news, the price of

591794_1

Capella stock dropped 13.19%, or $9.26 per share, from a closing price of $70.20 per share on August 13, 2010 to a closing price of $60.94 per share on August 16, 2010, the following trading day, on a 438% increase in trading volume.

### III.   PROCEDURAL BACKGROUND

Section 21D(a)(3)(A) of the Exchange Act requires early notice to advise class members of their right to move the Court to be appointed lead plaintiff and provides that any member or members of the class may so request this within 60 days of publication of the early notice. 15 U.S.C. §78u-4(a)(3)(A)(i); *Johnson v. Tellabs, Inc.*, 214 F.R.D. 225, 228 (N.D. Ill. 2002). On November 5, 2010, pursuant to §21D(a)(3)(A)(i) of the Exchange Act, a notice of pendency of the action was published, advising class members of the existence of the lawsuit and describing the claims asserted therein. *See* Affidavit of Garrett Blanchfield, Jr. in Support of Motion to Appoint Alaska Electrical Pension Fund as Lead Plaintiff and to Approve Selection of Counsel ("Blanchfield Aff."), Ex. 3.

### IV.   ARGUMENT

#### A.   Alaska Should Be Appointed Lead Plaintiff

##### 1.   Alaska Has the Largest Financial Interest in the Relief Sought

The Exchange Act requires class members seeking appointment as lead plaintiff in securities class actions to file a complaint *or* file a motion to be appointed as lead plaintiff within 60 days of publication of the published notice of the action. 15 U.S.C. §78u-4(a)(3)(A)(i). The notice of this action was published on November 5, 2010, and accordingly, Alaska's motion is timely filed within 60 days from the publication of that notice, or January 4, 2011. *See* Blanchfield Aff., Ex. 3.

591794_1

The PSLRA also provides that this Court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). The statute also provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that –
>
> (aa)   has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

During the Class Period, Alaska purchased 10,800 shares of Capella securities at a cost of over $978,362 as a result of defendants' materially false and misleading statements and lost over $260,450 in connection therewith. *See* Blanchfield Aff., Exs. 1-2. To Alaska's knowledge, no other plaintiff or movant has suffered a greater financial interest. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb); *see also Tellabs*, 214 F.R.D. at 228.

### 2.     Alaska Is Qualified Under Rule 23

Section 21D(a)(3)(B)(iii)(I) of the Exchange Act provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). In selecting a lead plaintiff, only the typicality and adequacy of representation factors of Rule 23(a) are considered. *Tellabs*, 214 F.R.D. at 228. With respect to the qualifications of the class representatives, Rule 23(a)

591794_1

requires that their claims be typical of the claims of the class and that the representatives will fairly and adequately protect the interests of the class. *Id.* As detailed below, Alaska satisfies the typicality and adequacy requirements of Rule 23(a).

### a. Alaska's Claims Are Typical of the Claims of the Class

The typicality requirement of Rule 23(a)(3) is satisfied so long as there is a nexus between the class representative's claims or defenses and the common questions of facts or law which unite the class. *See De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983). When the named plaintiffs have suffered the same or similar injuries as the class members as a result of the same course of conduct by defendants, and their claims are based on the same legal issues, the typicality requirement has been met. *Id.* ("'A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory.'") (citations omitted).

The legal issues common to the members of the class in this case, which predominate over questions that may affect individual class members, include the following:

1. Whether the defendants' acts as alleged herein violated the federal securities laws;

2. Whether defendants' statements during the Class Period misrepresented material facts;

3. Whether the market price of Capella securities was artificially inflated following the material misrepresentations and the failure to correct the material misrepresentations; and

591794_1

4.     To what extent the members of the class have sustained damages and the proper measure of damages.

As a result, there is a well-defined community of interest in the questions of law and fact involved in this case and the claims asserted by Alaska are typical of the claims of the members of the proposed class. Alaska, as did all members of the proposed class, acquired Capella securities at prices artificially inflated by defendants' misstatements and omissions and was damaged thereby.  Typicality exists here because Alaska's claims arise from the same alleged course of conduct and are based on the same theories as those of the absent class members, namely that "[d]efendants engaged in a course of conduct violative of federal and state securities laws and the common law by failing to disclose and misrepresenting information material to the members of the class." *Schwartz v. Celestial Seasonings*, 178 F.R.D. 545, 551-52 (D. Colo. 1998).

### b.     Alaska Will Fairly and Adequately Represent the Interests of the Class

Alaska's interests are clearly aligned with the members of the proposed class and there is no antagonism between the interests of those individuals and the proposed class members. "Any doubt regarding adequacy of representation should be resolved in favor of the upholding [of] the class . . . ." *Schwartz*, 178 F.R.D. at 552. As detailed above, Alaska's claims share substantially similar questions of law and fact with the members of the proposed class, and its claims are typical of the members of the class.  It has further demonstrated its adequacy as class representative by signing the sworn certification affirming its willingness to serve as, and to assume the responsibilities of, class

591794_1

representative. *See* Blanchfield Aff., Ex. 1. Finally, Alaska has selected counsel highly experienced in prosecuting securities class actions.

Moreover, Alaska is an institutional investor, and as such, is precisely the type of lead plaintiff Congress envisioned would lead securities class actions like this one when it enacted the PSLRA in 1995. *See Bassin v. Decode Genetics, Inc.*, 230 F.R.D. 313, 315-16 (S.D.N.Y. 2005) (noting that PSLRA's purpose was to attract institutional investors); *Greebel v. FTP Software*, 939 F. Supp. 57, 63 (D. Mass. 1996) (noting PSLRA's intent that institutional investors be presumptively appointed lead plaintiffs). Alaska has the expertise and the incentive to represent the plaintiff class aggressively and intelligently, in the manner contemplated by Congress when it passed the PSLRA.

Because Alaska has the greatest incentive to represent the plaintiff class aggressively and intelligently, this Court should presume that it is the most adequate plaintiff in this case.

### B. The Court Should Approve Alaska's Selection of Lead and Liaison Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject to court approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). The court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the [plaintiff] class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa). Here, Alaska, as the presumptively most adequate plaintiffs, has selected Robbins Geller to serve as lead counsel and Reinhardt & Wendorf to serve as liaison counsel subject to this Court's approval. Robbins Geller is a 180-lawyer law firm that is actively engaged in complex litigation, emphasizing securities, consumer and antitrust class actions. Robbins Geller possesses extensive experience litigating securities class actions and has successfully prosecuted numerous securities fraud class actions on

591794_1

behalf of injured investors. The firm's lawyers have been appointed as lead or co-lead counsel in landmark class actions, including *In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 465 (S.D.N.Y. 1998), where plaintiffs' recovery was the largest ever in an antitrust case, and in *In re Enron Corp., Sec. Litig.*, 206 F.R.D. 427 (S.D. Tex. 2002). *See* Blanchfield Aff., Ex. 4. Robbins Geller attorneys were also responsible for the $925 million recovery in *In re UnitedHealth Group Inc. Sec. Litig.*, No. 0:06-cv-01691 (D. Minn.) (Rosenbaum, J). This is the largest recovery in a securities class action in the Eighth Circuit to date. *Id.*

Indeed, in approving the lead plaintiff's choice of Robbins Geller's lawyers as lead counsel in *Enron*, the Honorable Melinda Harmon found that its submissions stood "out in the breadth and depth of its research and insight." *Enron*, 206 F.R.D. at 458. Robbins Geller's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues. Thus, the Court may be assured that, in the event this Motion is granted, the members of the class will receive the highest caliber of legal representation available.

## V. CONCLUSION

For all the foregoing reasons, Alaska respectfully requests that the Court: (1) appoint it as lead plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B); and (2) approve its choice of Robbins Geller as lead counsel for the class and Reinhardt & Wendorf as liaison counsel.

DATED: January 4, 2011            Respectfully submitted,

REINHARDT, WENDORF & BLANCHFIELD
GARRETT D. BLANCHFIELD, JR. (#209855)


    s/ GARRETT D. BLANCHFIELD, JR.
       GARRETT D. BLANCHFIELD, JR.

E-1250 First National Bank Building
332 Minnesota Street
St. Paul, MN  55101
Telephone:  651/287-2100
651/287-2103 (fax)
g.blanchfield@rwblawfirm.com

[Proposed] Liaison Counsel

ROBBINS GELLER RUDMAN
  & DOWD LLP
DAVID J. GEORGE
ROBERT J. ROBBINS
120 E. Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)

[Proposed] Lead Counsel for Plaintiff

591794_1